UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re | )<br>)<br>) Chapter 7 |
| AMHERST TECHNOLOGIES, LLC, et al. | ) Case No. 05-12831-JMD<br>)<br>) |
| Debtors | )<br>) |
| OLGA L. BOGDANOV, CHAPTER 7<br>TRUSTEE OF AMHERST<br>TECHNOLOGIES, LLC et al. | )<br>) Adversary Proceeding<br>) No. 07-<br>)<br>) |
| Plaintiff | ) |
| v. | )<br>) |
| KINGSTON TECHNOLOGY CORP. | )<br>)<br>) |
| Defendant | )<br>) |

**PREFERENCE COMPLAINT**

JURISDICTION, VENUE AND STANDING

1.     The Plaintiff brings this adversary proceeding pursuant to Sections 547 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3.     Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1409(a).

347070-1

PARTIES

4. The plaintiff, Olga L. Bogdanov, Chapter 7 Trustee (the "Plaintiff") for the estate of Amherst Technologies, LLC, et al. (the "Debtors") maintains the right to bring and prosecute all actions against the Defendant pursuant to §§ 547 and 550 of the Bankruptcy Code.

5. The defendant, Kingston Technology Corp. (the "Defendant"), upon information and belief, is a California corporation and has a principal place of business located at 17600 New Hope Street, Fountain Valley, California.

GENERAL ALLEGATIONS

6. On July 20, 2005, the Debtors filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code.

7. On October 21, 2005, this case was converted to Chapter 7 of the Bankruptcy Code.

8. On October 21, 2005, Olga L. Bogdanov was appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estates.

9. Within 90 days before the Petition Date (the "Preference Period"), the Debtors made the following payments to the Defendant (the "Payments") totaling $206,211.50:

| CHECK/WIRE # | AMOUNT | DATE |
|---|---|---|
| 1022668 | $ 14,214.25 | 21-Apr-05 |
| 1022731 | $ 25,455.50 | 03-May-05 |
| 1023082 | $ 11,508.95 | 16-May-05 |
| 1023267 | $ 50,179.80 | 16-May-05 |
| 1023518 | $ 15,468.25 | 25-May-05 |
| 1023559 | $ 57,036.25 | 14-Jun-05 |
| 1024085 | $ 10,999.50 | 13-Jun-05 |
| 1024239 | $ 21,349.00 | 13-Jun-05 |
| **TOTAL** | **$ 206,211.50** | |

347070-1

## CLAIM FOR RELIEF

10. The Plaintiff repeats and realleges paragraphs 1-9 of this Preference Complaint and incorporates the same herein.

11. The Payments constituted a transfer of an interest of the Debtors in property.

12. The Payments were made to and for the benefit of the Defendant.

13. The Payments were made for and on account of an antecedent debt owed by the Debtors to the Defendant before such Payments were made.

14. The Payments were made or the checks associated with the Payments were honored within 90 days before the Petition Date.

15. The Payments were made while the Debtors were insolvent.

16. The Payments enabled the Defendant to receive more than it would have received if the case were a case under Chapter 7 of the Bankruptcy Code, the Payments had not been made and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17. The Defendant was the initial transferee of the Payments and the entity for whose benefit the Payments were made.

18. The Payments constitute preferential transfers of property within the meaning of 11 U.S.C. § 547(b) and are recoverable pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment against the Defendant:

a. Avoiding the Payments to the Defendant as preferential transfers under § 547(b) of the Bankruptcy Code;

b. Requiring the turn over to the Trustee of $206,211.50 pursuant to § 550 of the Bankruptcy Code;

c. Awarding the Plaintiff its costs and expenses incurred in connection with the prosecution of this adversary proceeding, including without limitation, reasonable attorneys' fees and costs; and

d. Granting the Plaintiff such other and further relief as the Court deems just and proper.

    Respectfully submitted,
    OLGA L. BOGDANOV, CHAPTER 7 TRUSTEE OF THE ESTATE OF AMHERST TECHNOLOGIES, LLC, et al.,

    By her attorneys,

    /s/ Taruna Garg
    Olga L. Bogdanov, Esq., BNH# 06338
    Taruna Garg, Esq., BNH# 06655, *pro hac vice admitted*
    Murtha Cullina LLP
    99 High Street
    Boston, Massachusetts 02110
    617-457-4000 Telephone

Dated: January 5, 2007    617-482-3868 Facsimile

347070-1